**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nicholas Robert Baker, | No. CV-21-08084-PCT-SPL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff Nicholas Robert Baker's application for Disability Insurance Benefits under the Social Security Act ("Act"). Before the Court are Plaintiff's Opening Brief (Doc. 17), Defendant's Response (Doc. 20), Plaintiff's Reply (Doc. 21), and the administrative record (Doc. 13, "R."). Upon review, the Court reverses and remands the Administrative Law Judge's decision (R. at 10) for further proceedings.

**I.   BACKGROUND**

Plaintiff filed a Title II application for Social Security Disability Insurance and a Title XVI application for Supplemental Security Income on January 18, 2019 and February 13, 2020, respectively, alleging a period of disability beginning on October 1, 2017. (R. at 13). Plaintiff's claims were initially denied on June 14, 2019, and again upon reconsideration on September 25, 2019. (*Id.*). Plaintiff subsequently requested a hearing, held on October 14, 2020. (*Id.*). On November 5, 2020, the Administrative Law Judge ("ALJ") issued a decision finding the Plaintiff was not disabled. (R. at 10–26). The Appeals

Council denied Plaintiff's request for review on February 23, 2021, adopting the ALJ's decision as the agency's final decision. (R. at 1–6). Following this unfavorable decision, Plaintiff filed the present appeal.

After considering the medical evidence and opinions, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 1, 2017, and that Plaintiff had the following severe impairments: multiple sclerosis ("MS") and mental health impairments diagnosed as depression and anxiety. (R. at 16). However, the ALJ determined that Plaintiff did not have an impairment that met or equaled an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. at 17). Specifically, the ALJ determined that Plaintiff did not meet listings 11.09, 12.04, or 12.06. (*Id.*).

Ultimately, the ALJ found that Plaintiff possessed the residual functional capacity to perform a limited range of light exertional work as defined in 20 C.F.R. § 404.1567(b). (R. at 19). The vocational expert testified that Plaintiff would be able to perform the requirements of occupations such as office helper, addresser, or document scanner; therefore, the ALJ found the Plaintiff was not disabled. (R. at 25).

## II.   LEGAL STANDARDS

A person is considered "disabled" for the purpose of receiving social security benefits if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In determining whether to reverse an ALJ's decision, this Court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific

quantum of supporting evidence." *Id*. (citation omitted). Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520(a)). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner at step five. *Id.* At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). Third, the ALJ determines whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ determines the claimant's residual functional capacity ("RFC"). §§ 404.1520(e), 416.920(e). At step four, the ALJ determines whether the claimant's RFC precludes them from performing past relevant work. § 404.1520(a)(4)(iv). If so, the ALJ proceeds to the fifth and final step, and determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

### III. ANALYSIS

Plaintiff raises two arguments for the Court's consideration: 1) the ALJ erred in rejecting the assessments of Baker's treating primary care physician, Donna Peace, M.D., and state agency psychological examiner, Cynthia Ruzich, Psy.D.; and 2) the ALJ erred in rejecting Baker's symptom testimony. (Doc. 17 at 13, 19). Plaintiff requests that the Court remand the case for a computation of benefits under the credit-as-true rule. (*Id.* at 24). Defendant asks the Court to affirm or, if the Court finds error, to remand for further administrative proceedings. (Doc. 20 at 14).

**A. The ALJ erred in rejecting the opinions of Dr. Peace and Dr. Ruzich.**

Plaintiff argues that the ALJ did not provide sufficient rationale "under standards that require articulation and explanation supported by substantial evidence" to reject the opinions of Baker's treating primary care doctor, Dr. Peace, and the agency's examining psychologist, Dr. Ruzich. (Doc. 21 at 4.) Since the Ninth Circuit's opinion in *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022), was issued in the period between when Plaintiff's Opening Brief (Doc. 17) and Reply (Doc. 21) were submitted, the Reply concedes that the Ninth Circuit has abrogated the "specific and legitimate" standard previously used to evaluate an ALJ's rejection of medical opinion evidence, and Plaintiff applies the standard of "an explanation supported by substantial evidence." (Doc. 21 at 5). Plaintiff contends that the ALJ failed to adequately explain how she considered the supportability and consistency factors when weighing the persuasiveness of Dr. Peace's and Dr. Ruzich's assessments. (Doc. 17 at 13, Doc. 21 at 6–7). Defendant contends that the ALJ properly addressed and evaluated the medical opinions according to the 2017 revised Social Security Administration ("SSA") regulations in 20 C.F.R. § 404.1520c. (Doc. 20 at 5).

**1. Applicable Standard**

For disability benefits claims filed prior to March 27, 2017, the Ninth Circuit previously recognized "a hierarchy among the sources of medical opinions." *Singer v. Comm'r of Soc. Sec. Admin.*, No. CV-18-01767-PHX-JJT, 2019 WL 9089997, at *2 (D. Ariz. Oct. 11, 2019) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)). SSA regulations classified medical opinion sources into three types: 1) treating physicians (who treat a claimant), 2) examining physicians (who examine but do not treat a claimant), and 3) non-examining physicians (who do not examine or treat a claimant). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ was instructed to give more weight to treating medical sources than non-examining sources due to a treating physician's heightened familiarity with a claimant's condition. 20 C.F.R. § 404.1527(a)(2). If the ALJ declined to give controlling weight to a treating physician's opinion, the ALJ had to provide

"specific and legitimate reasons supported by substantial evidence" for rejecting that source's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). However, in March of 2017, the SSA "amended their regulations to abrogate the treating physician rule, among other changes." *Alonzo v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08317-PCT-JZB, 2020 WL 1000024, at *3 (D. Ariz. Mar. 2, 2020) (citation omitted).

For disability benefits claims filed on or after March 27, 2017, including the application in the present case, new SSA regulations instruct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c. Instead, an ALJ should determine the persuasiveness of each medical opinion using the following factors: 1) supportability, 2) consistency, 3) relationship with the claimant, 4) specialization, and 5) any other relevant factors. *Id.* The SSA has explained that supportability and consistency are the most important factors in evaluating an opinion's persuasiveness, and the ALJ must articulate how she considered both factors. *Id.*; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5853 (Jan. 18, 2017) (codified at 20 C.F.R. § 404).[1]

Before the decision in *Woods*, it was unclear whether the SSA's new regulations abrogated the Ninth Circuit's standard requiring an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. The *Woods* Court specifically overturned that standard in favor of the simpler requirement that "an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported

---

[1] The revised regulations specifically define the "supportability" and "consistency" factors as follows:

"(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c

by substantial evidence." 32 F.4th at 787.

**2. Application to the Medical Source Opinions**

An ALJ "may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, they "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792. Under the revised articulation requirements, an ALJ must "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions" when determining how persuasive they find that source. 20 C.F.R. § 404.1520c(b)(2).

    *i.*  *Dr. Peace*

Plaintiff argues that here, the ALJ improperly discounted the assessment of treatment provider Dr. Peace as "minimally persuasive" because the ALJ failed to articulate her reasoning behind that determination. (Doc. 17 at 14). Furthermore, Plaintiff contends that this error was materially harmful, because if held as true, "the limitations assessed by Dr. Peace would preclude all work" (Doc. 21 at 9) based on the testimony of the vocational expert that "someone who misses two days per month would not be able to maintain competitive work" (R. at 53). Plaintiff takes issue with each of the three main statements that the ALJ provided as reasoning for her determination that Dr. Peace's assessment was minimally persuasive.

First, the ALJ characterized Dr. Peace's assessments as "extreme opinions" which were "generally without substantial support, which obviously renders this opinion less persuasive." (R. at 23). The only examples given by the ALJ as "extreme opinions" were Dr. Peace's determinations that that the Plaintiff "would be off task; would suffer from 'mental fatigue;' and would miss 6+ workdays a month." *Id.* However, the ALJ offered no explanation as to why she found these opinions inconsistent with or unsupported by the rest of the medical record. The ALJ cited no record evidence suggesting that Dr. Peace's own medical records, other medical assessments, or the Plaintiff's own activities contradict

Dr. Peace's opinions, and therefore failed to articulate how these statements were inconsistent with or unsupported by the record. Without any such citations, and without any meaningful explanation of the ALJ's reasoning, "there is simply no way for the Court to assess the legitimacy of the ALJ's conclusions." *Oropilla v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01528-PHX-MTL, 2022 WL 885009, at *3 (D. Ariz. Mar. 25, 2022).

The ALJ then stated that "the course of treatment pursued by [Dr. Peace] has not been consistent with what one would expect if [they] truly experienced these extreme limitations." (R. at 23). The ALJ made no reference to what course of treatment, exactly, she is taking issue with, nor which precise limitations she is referring to, nor does she make any direct comparisons between Dr. Peace's findings and those of the other medical consultants. The record indicates that Dr. Peace had regular appointments with Plaintiff beginning in February 2018 (*Id.* at 739) through at least June of 2020 (*Id.* at 1040), and she documented Plaintiff's frequent symptoms of MS, anxiety, and depression (Doc. 17 at 7–8). As Dr. Peace's medical notes indicate, she encouraged Plaintiff to continue seeing his neurologist in Phoenix for MS treatments,[2] encouraged him to continue medication and treatment for his anxiety and depression with Southwest Behavioral Health,[3] and prescribed him certain anxiety and depression medications.[4] Furthermore, the Ninth Circuit has stated that "the failure of a treating physician to recommend a more aggressive course of treatment, absent more, is not a legitimate reason to discount the physician's subsequent medical opinion about the extent of disability." *Trevizo v. Berryhill*, 871 F.3d 664, 677 (9th Cir. 2017). It was therefore unreasonable for the ALJ to discredit Dr. Peace's medical opinion based on the ALJ's disagreement with her recommended course of treatment, especially given that "an ALJ lacks both the authority and expertise to substitute her

---

[2] *See, e.g.*, R. at 1048 ("continue care with neuro/MS"), 1054 ("some of [symptoms] may be due to MS and this would be best addressed with specialist, encouraged to contact Dr…for appt"), 1065 ("continue with MS neurology and [T]ysabri infusions").

[3] *E.g.*, R. at 1084 ("has counselor at SWBH"), 1097 ("expect he will continue care at SWBH, can give him support for his anxiety and mood issues, and agoraphobia").

[4] *E.g.*, R. at 1081 ("I am happy to refill citalopram and alprazolam as needed.").

judgment for that of a physician." *Oropilla*, 2022 WL 885009, at *5.

Finally, the ALJ states that Dr. Peace's opinions were "quite conclusory." (R. at 23). It is worth noting that the exhibit to which the ALJ cites is a standard "check-the-box" style form. (R. at 569–70). The Ninth Circuit has noted that "there is no authority that a 'check-the-box' form is any less reliable than any other type of form; indeed, agency physicians routinely use these types of forms to assess the intensity, persistence, or limiting effects of impairments." *Trevizo*, 871 F.3d at 677. Although a "check-the-box" form provides little opportunity for a physician to *explain* their medical opinions, which can affect the weight an ALJ accords those opinions, "check-box assessments that are substantiated by a physician's treatment records may be entitled to consideration that an otherwise unexplained opinion would not receive." *Maske v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04891-PHX-DWL, 2020 WL 813768, at *4 (D. Ariz. Feb. 19, 2020). Although Dr. Peace's statements were limited by the "check-the-box" form, the ALJ cannot categorically discount those statements if they were otherwise substantiated by her treatment records. *Id.* at *5 (D. Ariz. Feb. 19, 2020) ("The ALJ was required to weigh [the doctor's] opinion and, in doing so, was permitted to review [the doctor's] treatment records to determine whether they provided support for his opinion."). However, because the ALJ failed to articulate any reason the "check-the-box" findings were unsubstantiated by the treatment records, as a matter of law, the ALJ erred in assigning Dr. Peace's opinion little weight.

        *ii.*     *Dr. Ruzich*

Plaintiff argues that the ALJ erred in rejecting Dr. Ruzich's finding that "[s]econdary to his psychological symptoms of apathy, hypersomnia, anxiety, difficulty concentrating, and feeling the urge to escape the situation, he will have difficulty completing a normal work-day and workweek, as well as maintaining regular attendance." (R. at 576). Plaintiff contends that Dr. Ruzich's statement supports a finding that his limitations are "inconsistent with the ability to sustain work," and that the ALJ therefore committed materially harmful error in rejecting this statement. (Doc. 17 at 13, 19). Additionally, as noted by Plaintiff, the ALJ did not explain why she rejected this specific

statement despite finding the overall report "somewhat persuasive" (R. at 23; Doc. 21 at 7).

The reasoning provided by the ALJ for rejecting Dr. Ruzich's statement was that "the claimant has not required the hospitalization or intensive treatment which would indicate such difficulty maintaining regular attendance." (R. at 23). However, in the immediately preceding sentences, the ALJ found that Dr. Ruzich's opinions regarding Plaintiff's psychological limitations were "somewhat consistent with the medical evidence of record and . . . supported by the claimant's use of psychotropic medications and attendance at therapy." (R. at 22). The ALJ provided no further reason that the medical evidence of record, if it supported a finding of at least *some* limitations, did not also support Dr. Ruzich's statement regarding the Plaintiff's likely difficulty maintaining attendance at work. The ALJ cited no other physicians' opinions to support the proposition that hospitalization or intensive treatment would be required to support Dr. Ruzich's findings.

The ALJ cannot substitute her own judgment regarding appropriate treatment for Dr. Ruzich's judgment. *See, e.g.*, *Leusch v. Berryhill*, 358 F. Supp. 3d 896, 906 (D. Ariz. 2019) ("ALJs cannot usurp the role of doctors when interpreting medical evidence."). Furthermore, the Court finds error in the ALJ's rejection of Dr. Ruzich's statement without any explanation of the logical steps she might have taken to reject it. *See, e.g.*, *Maske*, 2020 WL 813768, at *5 (finding that the ALJ erred in rejecting a medical opinion where she "failed to build a logical bridge between the evidence and her conclusion").

Thus the Court finds the ALJ improperly discounted the assessments of both Dr. Peace and Dr. Ruzich by failing to provide an adequate explanation, supported by substantial evidence, to reject either assessment.

**B. The ALJ erred in rejecting Plaintiff's subjective symptom testimony.**

Next, Plaintiff argues that the ALJ improperly rejected Plaintiff's own symptom testimony without providing any specific, clear, and convincing reasons for doing so. (Doc. 17 at 19). When evaluating subjective symptom testimony, an ALJ must first find objective medical evidence demonstrating an impairment that could reasonably cause a claimant's

symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). A claimant's subjective testimony alone will not establish a disability, and an ALJ will determine whether a claimant's alleged limitations are consistent with medical sources and other evidence in the record. 20 C.F.R. § 404.1529(a). Once a claimant has shown such an impairment, if there is no evidence of malingering, the ALJ may reject the claimant's symptom testimony only if she offers specific, clear and convincing reasons for doing so. *Lingenfelter*, 504 F.3d at 1036. This requires the ALJ to "specifically identify the testimony [from a claimant] she or he finds not to be credible and . . . explain what evidence undermines the testimony." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)).

Here, the ALJ found "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms," but concluded that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (R. at 20). The ALJ only provides two specific reasons for questioning the veracity of the Plaintiff's subjective testimony: first, because he "engaged in a somewhat normal level of daily activity and interaction," and second, because he "went on a vacation since the alleged onset date." (*Id.*).

The ALJ found Plaintiff's reported daily activities "less consistent with his allegations of completely disabling symptoms." (*Id.*). The ALJ states, for example, that the Plaintiff was "able to prepare simple meals, wash dishes, do laundry, and perform household cleaning," as well as "use public transportation" and "[go] shopping in stores." (R. at 20). However, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from [their] credibility as to [their] overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001). The testimonies of the Plaintiff and the Plaintiff's girlfriend, Sonja Mugnani, also indicate that such activities did not take up a substantial amount of Plaintiff's time. In Mugnani's third-

party function report, she states that he only went grocery shopping "once a week" for "less than an hour," and that when he did, he "mostly [had] to be with [a] companion." (R. at 229). If he prepared himself dinner, it was "usually something simple," such as "instant meals" or "stove top meals." (*Id.* at 228). The Plaintiff's own function report indicates that his use of public transportation was out of necessity, as he did not have a car and "[got] tired quickly walking." (*Id.* at 237). Furthermore, although Plaintiff listed hiking as an interest, he then stated that he "can't hike anymore" due to his condition. (*Id.* at 238). Therefore, the ALJ has not provided convincing evidence that the Plaintiff's level of activity, as described, was inconsistent with his claimed limitations, and those activities do not detract from his credibility. *Dagley v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01370-PHX-JJT, 2022 WL 343382, at *6 (D. Ariz. Feb. 4, 2022) ("[T]he Ninth Circuit has held that "[o]nly if [a plaintiff's] level of activity were inconsistent with [a plaintiff's] claimed limitations would these activities have any bearing on [her] credibility." (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

As to the Plaintiff's vacations, as the ALJ acknowledges, "a vacation and a disability are not necessarily mutually exclusive." (R. at 20). The ALJ discussed no details regarding the nature of those vacations, nor how they would discount his allegation of disability. The mere fact that a claimant has traveled one or more times during the relevant period is not a sufficient reason to discount symptom testimony. *E.g.*, *Gines v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04479-PHX-JJT, 2020 WL 4345164, at *8 n. 2 (D. Ariz. July 29, 2020) (finding a plaintiff's trip to Hawaii to attend a memorial service insufficient to refute his testimony regarding the severity of his pain and extent of his limitations); *Ong v. Comm'r of Soc. Sec. Admin.*, No. CV-17-00960-PHX-BSB, 2018 WL 3323169, at *10 (D. Ariz. July 6, 2018) (finding that a plaintiff's trips to Jamaica and Hawaii did not discount her allegation of disability, because "the ALJ did not explain how Plaintiff's travel was inconsistent with any particular symptom testimony"); *Moreno v. Colvin*, 174 F. Supp. 3d 1112, 1120 (D. Ariz. 2016) (finding a plaintiff's trip to Puerto Rico was not a sufficient basis for the ALJ to reject her testimony regarding pain and fatigue without any

explanation). As Plaintiff explains in the Opening Brief (Doc. 17 at 23), he testified at the administrative hearing that his trips to Washington state were "usually difficult," and that he had to "take breaks really often" (R. at 46–49). He also described his level of activity during those vacations as "pretty much . . . sitting down . . . going to another place and visiting and sitting down," and confirmed that he still had to take daily naps and rest often. (*Id.* at 48–49). The Plaintiff's mere ability to travel was not a sufficient reason to reject his subjective testimony, especially given his testimony that said travel was markedly impaired by his disabilities. The ALJ did not provide clear, convincing reasons that Plaintiff's travel was inconsistent with any of his claimed impairments. Finally, the ALJ's broad, conclusory statement that Plaintiff's subjective medical testimony is "not entirely consistent with the medical evidence" is, on its own, an insufficient reason to reject that testimony, and it is not supported by substantial evidence in this case. (R. at 20). Although an ALJ may "consider the lack of corroborating medical records in determining the severity of [a] [p]laintiff's symptoms," it cannot use the lack of objective medical evidence as the sole basis for rejecting Plaintiff's testimony. *Ong*, 2018 WL 3323169, at *10. In this case, since the ALJ provided no sufficient alternate reason for a finding of non-credibility, she failed to meet her legal burden regarding Plaintiff's symptom testimony and erred in rejecting it.

## IV.     REMAND FOR FURTHER PROCEEDINGS

This Court finds that the ALJ erred by 1) discrediting the medical opinions of Dr. Peace and Dr. Ruzich, and 2) discounting Plaintiff's subjective symptom testimony. The only question remaining is whether this case should be remanded for further proceedings or for an award of benefits. Plaintiff argues that the Court should apply the credit-as-true rule and remand the case for a computation of benefits. (Doc. 17 at 24–25). Defendant asks the Court to remand for further administrative proceedings. (Doc. 20 at 14–15).

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of that court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689

(9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)). Here, it is not clear from the record whether the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. There remain outstanding issues to be resolved given the conflicting medical opinions regarding the extent of Plaintiff's limitations.

Therefore, the Court, in its discretion, finds that a remand for further proceedings is appropriate. Accordingly,

**IT IS ORDERED** that the decision of the Commissioner of Social Security is **vacated and remanded** to the Commissioner of the Social Security Administration for further proceedings consistent with this order.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment consistent with this Order and close this case.

Dated this 30th day of June, 2022.

Honorable Steven P. Logan
United States District Judge